**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

October 29, 2026

**VIA ACMS**

Catherine O'Hagan Wolfe, Clerk of Court
Thurgood Marshall United States Courthouse
United States Court of Appeals
for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *United States v. Board of Elections of the State of New York*, No. 26-2060 (2d Cir.)—Appellant United States' Response to New York's Rule 28(j) Letter

Dear Ms. Wolfe,

The United States submits this letter in response to New York's Rule 28(j) letter, submitted October 26, 2026. It cited *United States v. Henderson*, No. 2:26-cv-166-DBB (D. Utah Oct. 23, 2026), but that decision should not be relied upon by this Court.

First, Title III itself prescribes a summary procedure, so *Powell*'s default rule does not apply. U.S. Br. 37-40; U.S. Reply Br. 13-14; *see* Fed. R. Civ. P. 81(a)(5); *see also Donaldson v. United States*, 400 U.S. 517, 528-529 (1971) (explaining "the [r]ules are not inflexible" in a Rule 81(a)(5) proceeding).

Second, Section 301's text contains no external-source limitation. U.S. Br. 20-27; U.S. Reply Br. 2-6. Even if it did, the court never addressed the argument that an official comes into possession of the SVRL upon assuming office. U.S. Br. 30-32; U.S. Reply Br. 9; *see United States v. Benson*, 187 F.4th 462, 465 (6th Cir. 2026) (Murphy, J., concurring in the denial of reh'g en banc).

Third, the court gave undue weight to its view that Congress could have been marginally more succinct. *See Marx v. General Revenue Corp.*, 568 U.S. 371, 385 (2013) ("The canon against surplusage is not an absolute rule."). However, "come into" has an independent function: it fixes when, and to whom, the retention duty attaches. U.S. Br. 23-26; U.S. Reply Br. 5-6.

And finally, the court overlooked that Section 302 reaches only willful conduct and that "alter[]" refers to actions that impair a record's integrity. *See Fischer v. United States*, 603 U.S. 480, 490 (2024). Updating the SVRL, as federal law requires, preserves it; it does not "alter" it. U.S. Br. 32-35; U.S. Reply Br. 10-11.

Accordingly, *Henderson* does not counsel in favor of affirmance.

Sincerely,

s/ Michael T. Hayes
Michael T. Hayes
Attorney
Appellate Section
Civil Rights Division
Michael.Hayes6@usdoj.gov
(202) 805-7671

cc: Counsel of Record (via ACMS)

# CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j).

s/ Michael T. Hayes
Michael T. Hayes
Attorney

Date: October 29, 2026