**U.S. Department of Justice**

Civil Rights Division

*Appellate Section*
*Ben Franklin Station*
*P.O. Box 14403*
*Washington, DC 20044-4403*

November 17, 2026

**VIA ACMS**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals
for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Board of Elections of the State of New York*, No. 26-2060 (2d Cir.)—Appellant United States' Response to New York's Rule 28(j) Letter

Dear Ms. Wolfe,

The United States hereby responds to the State of New York's Rule 28(j) letter, submitted November 11, 2026. It cited *United States v. Albence*, No. 25-1453-RGA, 2026 WL 3407115, at *6 (D. Del. Nov. 10, 2026), which held that the Civil Rights Act of 1960 (CRA) excludes records "created by state officials," like a statewide voter registration list (SVRL). That decision is not persuasive.

First, *Albence* held that the "plain meaning of 'come into his possession'" in Section 301 "does not apply to internally created records." 2026 WL 3407115, at *7. But the plain meaning of this phrase encompasses both documents from an outside source and internally generated documents. *E.g.*, U.S. Br. 17-20. That interpretation does not render the words "come into" superfluous. *Contra Albence*, 2026 WL 3407115, at *8. The phrase fixes when, and to whom, the retention duty initially attaches, regardless of who ultimately holds the record. *E.g.*, U.S. Br. 23-26.

Second, *Albence* concluded that the United States' interpretation would create a conflict between the CRA's Section 302 and other election statutes. 2026 WL 3407115, at *7. But Section 302 reaches only willful conduct, and "alter[]" refers to

actions that impair a record's integrity. 52 U.S.C. 20702; *Fischer v. United States*, 603 U.S. 480, 490 (2024). Updating the SVRL, as these other statutes require, preserves the record; it does not "alter" it under Section 302. *E.g.*, U.S. Br. 32-35.

Third, *Albence* relied on a Sixth Circuit panel's conclusion that a secretary of state did not come into possession of the SVRL upon assuming office. 2026 WL 3407115, at *8 (citing *United States v. Benson*, 179 F.4th 470, 478-479 (6th Cir.), *reh'g en banc denied*, 187 F.4th 462 (6th Cir. 2026)). A majority of Sixth Circuit judges have concluded that a chief election officer comes into possession of an SVRL, at the very least, upon assuming office or receiving the list from subordinates. *Benson*, 187 F.4th at 465 (Murphy, J., concurring); *id.* at 470-474 (Griffin, J., dissenting); *id.* at 478-479 (Thapar, J., dissenting); *see* U.S. Br. 31-32.

Sincerely,

s/ Michael T. Hayes

Michael T. Hayes
Attorney
Appellate Section
Civil Rights Division
Michael.Hayes6@usdoj.gov
(202) 805-7671

cc: Counsel of Record (via ACMS)